IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LEMONS, III, | ) | CASE NO. 4:11 CV 1590 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ED SHELDON, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
     A.    Underlying facts, conviction, and sentence . . . . . . . . . . . . . . . . . . . . . . . -3-
     B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
     C.    Ohio Supreme Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
     D.    Motion for DNA application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
     E.    Motion for a new trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
     F.    Petitions for post-conviction release . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
     G.    Ohio Rules of Appellate Procedure Rule 26(b) application to reopen . . -8-
     H.    Petition to vacate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
     I.    Federal habeas corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
     A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
     B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
          1.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
          2.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
     C.    Application of standards – to the extent all four claims allege Lemons's conviction was against the manifest weight of the evidence, the claims should be dismissed because that claim is based on state law and so is not cognizable here; to the extent the four claims are understood as challenging the sufficiency of the evidence, the claims should be denied because the decision of the state court was not an unreasonable application of the clearly established federal law of *Jackson*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

## Introduction

Before me[1] is the petition of Charles Lemons, III for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Lemons was convicted by a Trumbull County Court of Common Pleas jury in 2009 of one count of felonious assault, one count of kidnapping, two counts of rape, and one count of attempted rape, together with a repeat violent offender specification on all counts.[3] He was also classified as a Tier III sex offender.[4] Lemons is serving a 58-year sentence.[5] He is currently incarcerated at the Toledo Correctional Institution in Toledo, Ohio.

Lemons raises four grounds for habeas relief.[6] The State has filed a return of the writ arguing that the petition should be dismissed.[7] Lemons has filed a traverse.[8]

For the reasons that follow, I will recommend Lemons's petition be dismissed in part and denied in part.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Patricia A. Gaughan by non-document order dated October 12, 2011.

[2] ECF # 1.

[3] ECF # 7 at 6-7.

[4] *Id.* at 7.

[5] *Id.*

[6] ECF # 1.

[7] ECF # 7.

[8] ECF # 23. Lemons filed a motion seeking notice of plain error. The Court issued an order (ECF # 24) treating such motion as a motion to file a reply/traverse instanter. The motion was granted, and the memorandum attached thereto is treated as Lemons's reply/traverse.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9] Essentially, Lemons was charged with felonious assault, kidnapping, attempted rape, and two counts of rape for alleging attacking his 22-year old cousin with a hammer and forcing her to engage in sexual conduct with him multiple times in the evening of October 29, 2007.[10] The victim, A.B., a cousin of Lemons, testified that while she was in her apartment, Lemons struck her in the head with a hammer, choked her, and hit her repeatedly.[11] The victim also testified that Lemons told her she never did anything for him, so she had to "give him sex because [she] owe[d] him."[12]

A Trumbull County Grand Jury indicted Lemons on one count of felonious assault, one count of kidnapping, two counts of rape, and one count of attempted rape.[13] All counts contained a repeat violent offender specification.[14]

---

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 7, Attachment 1 (state court record) at 94.

[11] *Id.*, at 94-95.

[12] *Id.*, at 95.

[13] *Id.*, at 1-6.

[14] *Id.*

-3-

At arraignment, Lemons entered a plea of not guilty to the indictment and, through counsel, filed a motion to suppress the State's evidence on the grounds that Lemons had not been properly Mirandized because his statements had been coerced.[15] Following a hearing on that motion, the State filed a post-hearing brief setting forth proposed findings of fact and conclusions of law.[16] Lemons also filed a post-hearing brief and his proposed findings of fact and conclusions of law.[17]

After overruling Lemons's motion to suppress,[18] a jury trial ensued, and on February 6, 2009, Lemons was found guilty on all charges, and further found guilty as to all specifications.[19] The State then filed a sentencing memorandum,[20] and on the same day, the trial court ordered Lemons to serve an aggregate term of 58 years in prison.[21] In addition, Lemons was classified as a Tier III sexual offender.[22]

---

[15] *Id.*, at 7.

[16] *Id.*, at 10.

[17] *Id.*, at 20, 22.

[18] *Id.*, at 25.

[19] *Id.*, at 29.

[20] *Id.*, at 31.

[21] *Id.*, at 37.

[22] *Id.*, at 41.

-4-

**B.**     **Direct appeal**

Represented by different counsel than at trial, Lemons filed a timely notice of appeal.[23] In his brief, Lemons raised the following four assignments of error:

1.      The trial court erred, to the prejudice of Appellant, by denying his repeated requests to offer extrinsic evidence for purposes of impeachment, where said evidence relates to the state of mind of the alleged victim.

2.      The Appellant's convictions for rape, attempted rape and kidnapping, and their accompanying specifications, are against the manifest weight of the evidence.

3.      The trial court abused its discretion by imposing maximum and consecutive terms of incarceration upon Appellant.

4.      The trial court erred to the prejudice of Appellant by overruling Appellant's motion to dismiss the indictment in violation of his statutory speedy trial rights under R.C. 2945.71 and 2941.401.[24]

The State filed a brief in response.[25] On October 16, 2010, the court of appeals affirmed the judgment of the trial court.[26]

---

[23] *Id.*, at 42.

[24] *Id.*, at 48.

[25] *Id.*, at 46.

[26] *Id.*, at 94.

**C.    Ohio Supreme Court**

Lemons timely appealed to the Ohio Supreme Court.[27] In his memorandum in support of jurisdiction, Lemons asserted four propositions of law.[28] The State filed an opposition.[29] On January 19, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the case as not involving any substantial constitutional question.[30]

**D.    Motion for DNA application**

Shortly after Lemons was sentenced, he, *pro se*, filed an application with the trial court for DNA testing.[31] The trial court denied that motion without explanation.[32] Lemons did not appeal from that decision.

**E.    Motion for a new trial**

Within weeks of the trial court's denial of the motion for DNA testing, Lemons, also proceeding *pro se*, filed a motion for a new trial.[33] As with the prior motion, the trial court

---

[27] *Id.*, at 122.

[28] *Id.*, at 125.

[29] *Id.*, at 169.

[30] *Id.*, at 187.

[31] *Id.*, at 188.

[32] *Id.*, at 189.

[33] *Id.*, at 190.

denied this motion without comment.[34] Also as with the prior motion, Lemons did not pursue an appeal of this decision.

**F.      Petitions for post-conviction release**

Several months later, and while the original appeal was still pending with the appellate court, Lemons, *pro se*, filed his first petition for post-conviction release with the trial court.[35] While this petition pended, and before the State had even responded, Lemons filed a second post-conviction petition.[36] After the State responded in opposition to both petitions,[37] the trial court denied Lemons's petitions for post-conviction release.[38] No appeal was filed from this decision. Lemons, however, did file a document with the appellate court[39] that the court misconstrued as his attempt to appeal the May 8, 2009, judgment entry denying his motion for DNA testing. Accordingly, the appellate court instructed the clerk to file that document under a new appellate case number.[40] The State, for its part, filed a motion to dismiss this

---

[34] *Id.*, at 193.

[35] *Id.*, at 194.

[36] *Id.*, at 199.

[37] *Id.*, at 195, 204.

[38] *Id.*, at 212.

[39] *Id.*, at 213.

[40] *Id.*, at 303.

appeal arguing that it was untimely.[41] Further, the State filed a second motion to dismiss for failure to prosecute.[42]

The appeals court, therefore, ordered Lemons to either submit a notice of appearance of retained counsel or submit a brief.[43] Lemons filed a brief on March 11, 2010.[44] The State, thereupon, filed a third motion to dismiss.[45] The court of appeals then dismissed the appeal for lack of a final appealable order.[46] Lemons did not appeal this decision to the Ohio Supreme Court.

## G.    Ohio Rules of Appellate Procedure Rule 26(b) application to reopen

On October 19, 2010, Lemons filed a Rule 26(b) application to reopen his direct appeal, setting forth a single assignment of error:

> 1.    Defendant appellant was deprived of the effective assistance of counsel on appeal. Counsel failed to recognize, argue and brief the fact that appellant was subjected to hybrid representation at trial in violation of his 6th and 14th Amendment rights under the U.S. Constitution as well as Article I, Sections 10 and 26, Ohio Constitution.[47]

--------

[41] *Id.*, at 219.

[42] *Id.*, at 225.

[43] *Id.*, at 227.

[44] *Id.*, at 228.

[45] *Id.*, at 240.

[46] *Id.*, at 244.

[47] *Id.*, at 248.

The State filed a memorandum in opposition.[48] On December 15, 2010, the court of appeals denied the application to reopen.[49]

## H.    Petition to vacate

On May 11, 2011 – or approximately four months after the Ohio Supreme Court denied leave to appeal in the original appeal – Lemons filed a petition with the trial court to vacate his conviction and sentence.[50] The State filed a motion to dismiss.[51] The trial court granted the State's motion to dismiss on June 27, 2011.[52]

## I.    Federal habeas corpus

On August 2, 2011, Lemons, *pro se*, filed the instant habeas petition with the Court and asserted four grounds for relief as follows:

> **Ground One**: Evidence to support the (5) charges, hammer, saliva on the victims vagina, semen in vagina, anal, mouth, rape kit evidence, phone call (330) 774-6833, 11:48 p.m. on 10-29-07, hospital reports, police reports, C.D. interview of victim of 10-29-07, Sgt. Jeff Cole, Trumbull County Police Department. Victim hiding hammer, victim lying, change cloths, ate, drank, then called police to say a crime happen. Investigation report Lt. Tim Hughes, broken wood handle isn't hammer. Review the entire record of Case No. 07-CR-806, transcripts what's written, test for DNA. Rape, rape, attempt rape. Find ball peen hammer to test, mop, mop bucket, CDs, computer, victim said she had?

---

[48] *Id.*, at 255.

[49] *Id.*, at 261.

[50] *Id.*

[51] *Id.*, at 269.

[52] *Id.*, at 273.

**Ground Two**: Evidence to support rape, rape, attempt rape, kidnap, felonious assault. Trial transcripts state ball peen hammer, Court introduced broken wood handle, saliva cunnilingus, oral semen, penetration of anal, vagina, mouth, cloths of victim before she changed and ate food, drank. Mop, mop bucket, fingerprints, DNA, test for rape, rape, attempt rape. Victim lying about where she lived. Probation violation, lying to the trial court under oath. Hammer still hasn't been found. Ball peen hammer, oral sex-semen.

**Ground Three**: Evidence to support rape, rape, attempt rape, felonious assault, kidnap. Testimony convicted me, pass record. Victim on probation, me just got off parole. Violation of victims probation known felon, victim had prior case, waiting to go to court, made bond on case, was not violated. Hammer, oral semen, vagina semen, anal semen, penetration of anal, vagina, mouth, saliva, cunnilingus. That's the evidence I seek to support the charges under law, due process.

**Ground Four**: Evidence to support rape, rape, attempt rape, felonious assault, kidnap, vagina, and semen, oral semen, saliva for cunnilingus, penetration of anal, vagina, mouth, body fluids, hammer, broken wood handle. Prosecutor introduced at trial isn't ball peen hammer. Read all the reports enclosed in yellow envelope. Evidence, not testimony.[53]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Lemons is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[54]

---

[53] ECF # 1 at 5, 7, 8, 10.

[54] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

-10-

2.     There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[55]

3.     In addition, Lemons states,[56] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[57]

4.     Moreover it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[58]

5.     Finally, Lemons has previously requested the appointment of counsel,[59] which requests have been denied.[60] His request for DNA testing[61] was also denied.[62]

## B.    Standards of review

### 1.    AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly

---

[55] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[56] *See*, ECF # 1 at 12.

[57] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[58] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[59] *See,* ECF ## 2, 9, 25; 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[60] ECF ## 8, 13, and 26.

[61] ECF # 12.

[62] ECF # 13.

-11-

established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[63]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[64] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[65] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[66]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law

---

[63] 28 U.S.C. § 2254(d).

[64] *Williams v. Taylor*, 529 U.S. 362 (2000).

[65] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[66] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

erroneously or incorrectly."[67] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[68]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[69] and "highly deferential" to the decision of the state court.[70] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[71] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[72]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[73]

---

[67] *Williams*, 529 U.S. at 411.

[68] *Id.* at 409.

[69] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[70] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[71] *Harrington*, 131 S. Ct. at 786.

[72] *Id.* at 786-87.

[73] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

-13-

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[74] Then, the federal court is to review the claim *de novo*.[75]

As the Supreme Court emphasized in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[76] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[77]

## 2.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[78] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[79] In such circumstances, a claim for federal habeas

---

[74] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[75] *Id.*

[76] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[77] *Brown*, 656 F.3d at 329.

[78] 28 U.S.C. § 2254(a).

[79] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[80]

But, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[81] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[82] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[83]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[84] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[85] and may not second-guess a state court's interpretation of its own procedural rules.[86] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[87] the Sixth Circuit has

---

[80] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[81] *Estelle*, 502 U.S. at 67-68.

[82] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[83] *Id.* at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[84] *Id.*

[85] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[86] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[87] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[88]

**C.    Application of standards – to the extent all four claims allege Lemons's conviction was against the manifest weight of the evidence, the claims should be dismissed because that claim is based on state law and so is not cognizable here; to the extent the four claims are understood as challenging the sufficiency of the evidence, the claims should be denied because the decision of the state court was not an unreasonable application of the clearly established federal law of *Jackson*.**

Grounds one, two, three, and four here were all presented to the state court on direct appeal as claims that Lemons's convictions for rape, attempted rape, and kidnapping were against the manifest weight of the evidence.[89] As the State observes, although Lemons does not use the term "manifest weight" in his habeas petition, the arguments he sets forth in the petition as to each claim reflect detailed, specific allegations that critical evidence was misidentified[90] or missing[91] and that witnesses lied[92] or were otherwise not credible.[93] As such, and in light of the direct claim to the appeals court that the conviction was against the manifest weight of the evidence, the present allegations, which track the arguments made to

---

[88] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[89] ECF # 13, Attachment at 48, 58-61.

[90] *See*, ECF # 1 at 5, 10. Ground one "broken wood handle isn't a hammer;" broken handle introduced by prosecutor "isn't ball peen hammer."

[91] *See*, *id.* at 7. Ground two – "Hammer still hasn't been found."

[92] *See*, *id.* Ground two – "victim lying about where she lived."

[93] *See*, *id.* at 8. Ground three – victim "on probation ... a known felon."

-16-

the Ohio appeals court, must be, at least in part, viewed as an assertion that the convictions for rape, attempted rape, and kidnapping[94] were against the manifest weight of the evidence.

It has long been recognized that in Ohio a claim that a verdict was against the manifest weight of the evidence requires a reviewing court to act as a "thirteenth juror," considering the entire record, weighing the evidence, and assessing the credibility of witnesses, to determine if the trial jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[95] A federal habeas court, by contrast, must not undertake such a review, since that court may not make its own independent determination of guilt or innocence but must give full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts.[96]

Moreover, a claim based only on the assertion that a conviction is against the manifest weight of the evidence, does not state a constitutional claim, but merely posits a question of state law.[97] As such, it does not state a cognizable claim for habeas relief.[98]

---

[94] The State also observes that although Lemons here seeks to include his conviction for felonious assault in the claims presented in grounds one through four (*see*, ECF # 1 at 8), his failure to raise that argument on direct appeal to the Ohio courts precludes the felonious assault conviction from being reviewed here due to Ohio's *res judicata* doctrine. ECF # 7 at 15-16.

[95] *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 678 N.E.2d 541, 547 (1997).

[96] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[97] *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976).

[98] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Accordingly, to the extent that grounds one through four are intended to assert that Lemons's convictions for rape, attempted rape, and kidnapping were against the manifest weight of the evidence, these grounds should be dismissed as non-cognizable claims.

That said, however, Lemons is proceeding *pro se*, and federal courts have long recognized that the pleadings of a *pro se* litigant are to be construed liberally.[99] In the Sixth Circuit, in cases where a *pro se* habeas petitioner states a claim that a conviction is against the manifest weight of the evidence, that requirement of lenient construction is applied by interpreting the manifest weight of the evidence claim as a sufficiency of the evidence claim.[100]

The established test for whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[101] In that regard, it is important to remember that the federal habeas court, as noted previously, does not re-weigh evidence, resolve conflicts in testimony, or consider the credibility of witnesses.[102] In fact, as the Sixth Circuit has expressly stated, "the testimony

---

[99] *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[100] *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007).

[101] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[102] *See*, *e.g.*, *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (an attack on the credibility of a witness is simply a challenge to the quality of the government's evidence and not a valid challenge to its sufficiency).

of the victim alone is constitutionally sufficient to sustain a conviction,"[103] and that victim testimony need not be corroborated by other witnesses[104] or by any physical evidence.[105] As was the case in *O'Hara v. Brigano*,[106] a matter highly analogous to the present case, the Sixth Circuit concluded, under *Jackson*, that the victim's testimony alone, without corroborating witnesses or physical evidence, was constitutionally sufficient evidence to sustain the habeas petitioner's conviction in Ohio on charges of rape and kidnapping.[107]

Here, as discussed, Lemons, like the petitioner in *O'Hara*, essentially argues that the victim was not a credible witness and that there was an absence of physical evidence. But, as was the case in *O'Hara*, such arguments are misleading and inapposite.

First, as the state appeals court observed, Lemons did not deny that sexual contact occurred between himself and the victim, or that the victim had been physically injured by Lemons. Rather, the defense argued that the sexual contact had been consensual and that any injury was the result of a "fight" between Lemons and the victim.[108]

As the appellate court further stated, only the victim's "account of the events, that [Lemons] attacked her with a hammer unprovoked and then forced her to engage in sexual

---

[103] *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008).

[104] *Brown v. Davis*, 752 F.2d 1142, 1144-45 (6th Cir. 1985) (citations omitted).

[105] *Tucker*, 541 F.3d at 659 (citations omitted).

[106] *O'Hara v. Brigano*, 499 F.3d 492 (6th Cir. 2007).

[107] *Id.* at 500.

[108] ECF # 7, Attachment 1 at 107.

conduct multiple times, was corroborated by ten witnesses and DNA evidence."[109] To be clear, the appeals court is plain that the witnesses referred to here were not eyewitnesses to the assault or to the sexual activity,[110] but rather those persons who found the victim's blood in the bedroom and recovered blood-stained bedding, a blood-soaked T-shirt, bloody panties, the hammer used in the attack, and the blood-and-semen-stained towel – all "exactly where [the victim] said they were."[111] Moreover, the physical evidence included the victim's blood on the hammer used in the attack, the towel she used to cover her wound, and Lemons's semen on the victim's lower stomach and on the bloody towel.[112] Further, other witnesses testified to seeing the victim running from her house, partially naked and screaming for help, while still others testified that Lemons was observed walking out of the house where the attack took place with his shirt off, buckling his belt, and telling the fleeing victim that, "I will find and kill you."[113]

The ultimate denial of this claim by the Ohio court, whose manifest weight of the evidence analysis is presumed to include a consideration of the sufficiency of the evidence,[114]

---

[109] *Id.*

[110] *Id.*

[111] *Id.* at 107-08.

[112] *Id.* at 107.

[113] *Id.* at 108.

[114] *See*, *Nash*, 258 F. App'x at 765 n.4. *Nash* is uniformly understood to excuse a procedural default by a *pro se* litigant in Ohio who now presents a federal sufficiency of the evidence claim, but only argued a manifest weight claim to the state court. Nonetheless, I continue to believe it remains important to recognize some distinction, however technical,

is now entitled, under the rule of *Richter*, to AEDPA deference by the federal habeas court. As is thoroughly, extensively, and meticulously detailed by the State in its return of the writ,[115] the evidence set forth by the appellate opinion, which also includes the direct testimony of the victim, is sufficient to establish, under the rule of *Jackson*, every element of the crimes of rape, attempted rape, and kidnapping for which Lemons was convicted.

Thus, to the extent that grounds one through four here purport to state a claim for habeas relief based on allegedly insufficient evidence, those claims should be denied.

## Conclusion

For the reasons stated, I recommend that the *pro se* petition of Charles Lemons, III for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.


Dated: August 28, 2013                          s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

between that part of the petitioner's original claim that was purely a state-law manifest weight argument, which the federal court should dismiss as non-cognizable, and the unstated, but subsumed constitutional sufficiency of the evidence claim, which, after any procedural default is excused for reason of fair presentment, is then subject to denial on the merits. *See*, *Thomas v. Kelly*, No. 3:10 CV 00777, 2013 WL 2338081, at *10 (N.D. Ohio May 28, 2013)

[115] ECF # 7 at 20-25. This lengthy review of the evidence as it relates to every element of the charged offenses in every count is incorporated by reference.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[116]

---

[116] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).