UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Lemons, III, | ) | CASE NO. 4:11 CV 1590 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Ed Sheldon, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. 27) which recommend the dismissal in part and denial in part of the Petition for Writ of Habeas Corpus pending before this Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which

1

objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was sentenced in the Trumbull County Court of Common Pleas in February 2009 to an aggregate term of 58 years in prison following his conviction for the rape, kidnaping, and felonious assault of his cousin. Petitioner presented the following grounds for relief:

**Ground One**: Evidence to support the (5) charges, hammer, saliva on the victims vagina, semen in vagina, anal, mouth, rape kit evidence, phone call (330) 774-6833, 11:48 p.m. on 10-29-07, hospital reports, police reports, C.D. interview of victim of 10-29-07, Sgt. Jeff Cole, Trumbull County Police Department. Victim hiding hammer, victim lying, change cloths, ate, drank, then called police to say a crime happen. Investigation report Lt. Tim Hughes, broken wood handle isn't hammer. Review the entire record of Case No. 07-CR-806, transcripts what's written, test for DNA. Rape, rape, attempt rape. Find ball peen hammer to test, mop, mop bucket, CDs, computer, victim said she had?

**Ground Two:** Evidence to support rape, rape, attempt rape, kidnap, felonious assault. Trial transcripts state ball peen hammer, Court introduced broken wood handle, saliva cunnilingus, oral semen, penetration of anal, vagina, mouth, cloths of victim before she changed and ate food, drank. Mop, mop bucket, fingerprints, DNA, test for rape, rape, attempt rape. Victim lying about where she lived. Probation violation, lying to the trial court under oath. Hammer still hasn't been found. Ball peen hammer, oral sex-semen.

**Ground Three**: Evidence to support rape, rape, attempt rape, felonious assault, kidnap. Testimony convicted me, pass record. Victim on probation, me just got off parole. Violation of victims probation known felon, victim had prior case, waiting to go to court, made bond on case, was not violated. Hammer, oral semen, vagina semen, anal semen, penetration of anal, vagina, mouth, saliva, cunnilingus. That's the evidence I seek to support the charges under law, due process.

**Ground Four**: Evidence to support rape, rape, attempt rape, felonious assault, kidnap, vagina, and semen, oral semen, saliva for cunnilingus, penetration of anal, vagina, mouth, body fluids, hammer, broken wood handle. Prosecutor introduced at trial isn't ball peen hammer. Read all the reports enclosed in yellow envelope. Evidence, not testimony.

(Doc. 1 at 5, 7, 8, 10).

The Magistrate Judge first considered Petitioner's grounds as an attempt to assert that his conviction was against the manifest weight of the evidence.[1] The Magistrate Judge noted that a claim that a conviction is against the manifest weight of the evidence does not state a constitutional claim, but rather posits a question of state law. As such, the Magistrate Judge concluded, and the Court agrees, that it does not state a cognizable claim for habeas relief. To the extent that Petitioner claims his custody is in violation of state law, the Court DISMISSES his claims as non-cognizable.

Given that Petitioner is *pro se*, the Magistrate Judge next considered Petitioner's sufficiency of the evidence claim. Petitioner objects that the appellate court's decision was unreasonable because, he argues, the victim was not a credible witness and there was an absence of physical evidence to support his conviction. The Magistrate Judge analyzed the evidence and considered Petitioner's arguments. He concluded that the state appellate court did not make an unreasonable decision when it determined that there was sufficient evidence from which a rational trier of fact could have found Petitioner guilty. The Magistrate Judge noted that Petitioner did not deny that sexual contact occurred between himself and the victim, or that the victim had been physically injured by him. Rather, Petitioner argues that the sexual contact was consensual and the victim's injuries were the result of a "fight" between Petitioner and the

---

[1] Petitioner does not use the term "manifest weight" in his Petition. The arguments set forth in the Petition reflect allegations that critical evidence was misidentified or misleading or that a witness lied or was not credible. In light of the direct claim to the appeals court that the conviction was against the manifest weight of the evidence, the Magistrate Judge, and this Court, considered this to be an argument that Petitioner's conviction was against the manifest weight of the evidence.

victim. The Magistrate Judge noted that the victim's testimony was corroborated by ten witnesses and DNA evidence. The Magistrate Judge noted that under Sixth Circuit precedent, the testimony of the victim alone is constitutionally sufficient to sustain a conviction. This Court agrees with the Magistrate Judge, for the reasons stated in the Report and Recommendation, that it cannot be said that no rational trier of fact could have found Petitioner guilty. The Court, therefore, DENIES Petitioner's claim for habeas relief on the basis of insufficient evidence.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is DENIED.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/7/13